**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CATHERINE EVANS HARVILL                                                                PLAINTIFF

v.                                           No. 4:12CV00319 JLH

F. EVANS HARVILL;
and REGIONS BANK                                                                     DEFENDANTS

**OPINION AND ORDER**

This action arises from an irrevocable trust created by Peggy D. Harvill, the deceased mother of Catherine Evans Harvill and wife of F. Evans Harvill, as well as an amendment to the trust signed by F. Evans Harvill as attorney in fact for Peggy D. Harvill.  Regions Bank is the administrator of the trust.  Catherine Evans Harvill seeks a declaratory judgment declaring that the amendment was void.  She alleges that Regions Bank violated its fiduciary duty to her, that F. Evans Harvill violated his fiduciary relationship for his own financial gain, and that Regions Bank and F. Evans Harvill entered into a civil conspiracy.  Catherine Evans Harvill invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332 inasmuch as she is a resident of Little Rock, Arkansas, while F. Evans Harvill is a resident of Clarksville, Tennessee, and Regions Bank is incorporated under the laws of the State of Alabama as successor in interest by merger to AmSouth Bank.

Both of the defendants have filed motions to dismiss or, in the alternative, to transfer.  Regions Bank's motion is based entirely on its contention that venue is improper in the Eastern District of Arkansas.  F. Evans Harvill makes the same venue argument as does Regions Bank but also argues that this Court lacks personal jurisdiction over him.  Both defendants contend that venue is proper in the United States District Court for the Middle District of Tennessee.

The venue statute provides, in pertinent part:

A civil action may be brought in–
    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(b).

As noted above, F. Evans Harvill is a resident of Tennessee. Therefore, venue does not lie in this Court under subsection (b)(1). The issue is whether venue lies in this Court under subsection (b)(2).

The trust at issue was executed in Clarksville, Tennessee. The amendment also was executed in Clarksville, Tennessee. The trust was administered in Nashville, Tennessee. So far as the record shows, all of the actions of which Catherine Evans Harvill complains occurred in Tennessee.

Catherine Evans Harvill argues, however, that a substantial part of the events or omissions giving rise to her claim occurred in this district because, she says, the amendment of which she complains names a resident of Pulaski County, Arkansas, as a beneficiary; Regions Bank sent that beneficiary a year-end statement for the trust at his address in this county; and that beneficiary requested a copy of trust instruments from Regions Bank. Catherine Evans Harvill does not, however, base any part of her claim on events that occurred in Arkansas. Instead, she complains about documents executed in Tennessee and the administration of the trust in Tennessee. Again, the trust was executed in Clarksville, Tennessee; the amendment to the trust was executed in Clarksville, Tennessee; and the trust was administered from offices in Nashville, Tennessee. Both Clarksville, Tennessee, and Nashville, Tennessee, are in the Middle District of Tennessee. Even if, as Catherine

Evans Harvill alleges, Regions Bank sent year-end statements and a copy of the trust to a putative beneficiary in this county, those actions do not constitute a substantial part of the events or omissions giving rise to her claim.

For the reasons stated, the venue for this action lies in the Middle District of Tennessee, not the Eastern District of Arkansas.

When the court determines that an action is brought in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). It is in the interest of justice to transfer this action to the Middle District of Tennessee rather than dismiss it. Accordingly, the Court orders the Clerk to transfer this action to the Middle District of Tennessee.

IT IS SO ORDERED this 3rd day of August, 2012.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE